NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL B. MOORE,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2020-1770

---

Petition for review of the Merit Systems Protection Board in No. DC-4324-19-0863-I-1.

---

Decided:  January 5, 2021

---

MICHAEL B. MOORE, Monroe, LA, pro se.

ANTHONY F. SCHIAVETTI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by JEFFREY B. CLARK, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, *Chief Judge,* TARANTO and CHEN, *Circuit Judges.*

PER CURIAM.

Mr. Michael Moore, appearing pro se, appeals a decision from the Merit Systems Protection Board (Board) denying his request for corrective action after finding no violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). The Board's determinations are not arbitrary nor capricious nor contrary to law and are supported by substantial evidence. We, therefore, *affirm*.

## BACKGROUND

Mr. Moore was appointed the role of Contract Specialist with the Department of the Navy (Navy) on January 22, 2018. This employment was subject to a two-year probationary period. During the initial six months of his civilian employment, Mr. Moore was required to report for training in his role as a military reservist, taking leave from his civilian employment at the Navy to do so. *See* App'x at M-1 (showing petitioner-appellant as attending to military reserve duties from March 21 to April 20, 2018 and on June 4, 2018).[1] On June 8, 2018, the Navy terminated Mr. Moore's employment, citing poor performance as the reason for termination.

Mr. Moore appealed his termination to the Board, alleging that the termination was improper because it was motivated by his military service and thus, violated USERRA, which prohibits discrimination in employment

---

[1]    Petitioner submitted various attachments with his informal opening brief. Citations to these attachments will be cited as "App'x at [Letter]-[Page Number]." The page number refers to the document location within the referenced appendix letter.

on the basis of military service. SApp'x at 2.[2] The Board concluded that Mr. Moore "failed to show that his military service was a substantial or motivating factor" in his termination. *Id.* at 4. The Board found, instead, that Mr. Moore's termination during his probation period was based on his performance, as the Navy had indicated. *Id.*

The Board made a number of factual findings in reaching this conclusion. First, the Board found that Ms. Melissa Carpenter, Mr. Moore's supervisor during his agency employment, was aware of Mr. Moore's reservist status at the time of hiring. *Id.* Second, the Board found that another employee, whom Mr. Moore alleged received more flexible leave treatment than he, was not similarly situated to Mr. Moore because that employee was fully trained (not in her probationary period) and on a maxi-flex schedule that allowed for certain absences because of her special-needs child. *Id.* at 5–6. Third, the Board noted that another employee was also terminated by Ms. Carpenter during that employee's probation period for poor performance. *Id.* at 7. Fourth, the Board explained that, contrary to Mr. Moore's assertions, he was not singled out for not adhering to the break policy while other employees flouted the same rules absent punishment. *Id.* at 7–8. The Board noted an absence of evidence that the other employees exceeded their allowable break times. *Id.* at 7. Fifth, the Board found that appellant did not receive a disproportionately large amount of work in comparison to his coworkers, and, even if true, he failed to show how this related to his military service. *Id.* at 8–9. Lastly, the Board found that Ms. Carpenter had listed sufficient instances of Mr. Moore's poor performance in her memorandum sent to the human resources department to support terminating

---

[2]    Citations to the SApp'x refer to the sequentially-numbered attachment filed with respondent's response brief.

Mr. Moore during his probation period, including "communicating inaccurate information regarding a solicitation, making errors in recording the [l]ine of [a]ccounting in two contracts,[] failing to include [b]udget and [f]iscal on requests," *id.* at 10, "lack of effort and willingness to learn," *id.* at 11, and sleeping during training, *id.*

Mr. Moore appeals this decision to our court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of the Board's decision is guided by statute. *See* 5 U.S.C. § 7703(c). The Board's decision must be set aside when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." *McGuffin v. Soc. Sec. Admin.*, 942 F.3d 1099, 1107 (Fed. Cir. 2019) (quoting *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984)). We review the Board's factual findings for substantial evidence. *Id.* (citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Rels. Bd.*, 305 U.S. 197, 229 (1938).

USERRA, codified in relevant part at 38 U.S.C. § 4311(a), prohibits "[d]iscrimination against persons who serve in the uniformed services." It states,

A person who is a member of, . . . performs, . . . or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, . . . performance of service, . . . or obligation.

§ 4311(a). A violation of this provision will be found "if the person's . . . uniformed service[] is a motivating factor in

the employer's action, unless the employer can prove that the action would have been taken in the absence of such [uniformed service]." § 4311(c)(1). "The employee asserting a USERRA claim has the initial burden of showing by a preponderance of the evidence that his 'membership . . . in the uniformed services' was a substantial or motivating factor in the adverse employment action." *McGuffin*, 942 F.3d at 1108 (quoting § 4311(c)(1)) (additional citation omitted).

Uniformed service is considered a motivating factor for an adverse employment action if the "'employer "relied on, took into account, considered, or conditioned its decision" on the employee's military-related . . . obligation."' *Id.* (quoting *McMillan v. Dep't of Justice*, 812 F.3d 1364, 1372 (Fed. Cir. 2016)). An employee may meet its "burden by submitting evidence from which such a motive may fairly be inferred." *Id.* (citing *McMillan*, 812 F.3d at 1372). If an employee meets this burden, the burden then shifts to the employer to prove by preponderant evidence that it would have taken the adverse action regardless of the employee's uniformed-service obligation, for a valid reason, such as poor performance. *See id.*

The Board considers four factors, known as the "*Sheehan* factors," in determining whether the employer's action was based on discriminatory motive. The *Sheehan* factors are:

> (1) proximity in time between the employee's military activity and the adverse employment action; (2) inconsistencies between the proffered reason and other actions of the employer; (3) an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity; and (4) disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001). The Board found that Mr. Moore failed to meet his burden of persuasion to show that his military service was a motivating factor in his termination. Mr. Moore alleges myriad errors in the Board's decision; we review these challenges seriatim but see no errors in the Board's conclusions.

Mr. Moore argues that the Board should have found Ms. Carpenter to have "diminished credibility" because her testimony allegedly contains inconsistencies. Appellant's Br. ¶ 1. We see no reason on this record, however, to disturb the credibility determinations of the Board. *See Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002). Mr. Moore also argues that the Board failed to account for his "collective bargaining agreement," which he suggests "requires probationary employees to be notified in writing anytime their performance has fallen below an 'acceptable' level." Appellant's Br. ¶ 2. But this allegation is not relevant to the Board's finding that his military service was not a motivating factor in his termination, and as the government notes, the Board lacked jurisdiction over allegations beyond the scope of the USERRA claim at issue, *see* Appellee's Br. at 15.

Mr. Moore additionally suggests that the Board failed to account for numerous detailed examples and evidence he put forth. *See, e.g.*, Appellant's Br. ¶¶ 3, 16, 18–19. For example, Mr. Moore suggests that the Board incorrectly determined that he failed to provide evidence that other employees were exceeding their allowable break time. *See id.* ¶ 18. Mr. Moore points the court only to allegations in his complaint—but these claims are not evidence that undercut the Board's conclusions.

A large swath of Mr. Moore's appeal brief is dedicated to the Board's discussion of a fellow employee, Ms. Ubelacker, whom Mr. Moore appears to suggest received more favorable treatment than he, and thus demonstrates that

he was treated disparately compared to his coworkers. *See, e.g.*, *id*. ¶¶ 4, 7, 14. Two flaws are present in Mr. Moore's allegations of error. First, Mr. Moore has not presented any instance where the Board failed to consider the evidence before it in reaching its conclusion that Ms. Ubelacker is not similarly situated enough to Mr. Moore as to serve as a meaningful comparison. In reviewing the Board's determinations on this evidentiary record, the Board's conclusions are supported by substantial evidence. Second, Mr. Moore did not present meaningful evidence as to why any such alleged disparate treatment between he and Ms. Ubelacker was motivated by a disdain for his military service obligations. On the contrary, the Board concluded that "any preference or special accommodation, if indeed one was given, appeared to be made out of compassion for [Ms. Ubelacker], and not animus toward the appellant." SApp'x at 6.

In considering Mr. Moore's remaining arguments, we see no error in the Board's determination that he was terminated, during his probation period, for the reason put forth by the Navy—poor performance. Mr. Moore provides no evidence of inconsistencies between the specifically enumerated instances of his poor job performance cited in Ms. Carpenter's letter recommending termination and the other actions of the employer. We therefore agree with the Board that Mr. Moore "failed to show by a preponderance of the evidence that he was discriminated against because of his military service." *Id*. at 12. The record evidence supports the finding that "the agency action terminating the appellant during his probationary period [was] for performance[-]based reasons." *Id*.

## CONCLUSION

We have considered Mr. Moore's remaining arguments and are unpersuaded that the Board erred. The Board correctly denied Mr. Moore's request for corrective action because he failed to establish a violation of USERRA.

**AFFIRMED**

Costs

No costs.